Judge Marshall
delivered the Opinion of the Court.
H. G. Phillips, as the assignee of a note from Ormsby to A. Phillips, for seven thousand five hundred dollars, secured by mortgage, on a house and lot in Louisville— filed this bill against the said Ormsby and A. Phillips, alleging the assignment from the latter to him; his subsequent purchase of Ormsby’s equity of redemption at a sale under execution; the conveyance of it to him by deed from the proper officer (which is exhibited,) and the non-payment of any part of the debt secured by the note and mortgage. He prays that his purchase of the equity may be confirmed, or, if that cannot be done, that the equity may be forever barred and foreclosed, and that other appropriate relief be granted. The allegations of the bill were admitted by A. Phillips, and taken for confessed against Ormsby for want of answer. And after a decree nisi, a sale of Ormsby’s title and interest in the property was decreed; at which the complainant and T. D. Carneal became the joint purchasers, at a price less by ‡50, than the complainant had - given for the equity of redemption. The commissioner’s re *233 port of the sale, and his conveyance, to the purchasers, by deed with general warranty, in the name of Ormsby, were approved and confirmed, without objection, and finally, it was decreed, that Ormsby should pay the costs; and that the complainant and Carneal should have execution of possession.
Extreme haste in progressing to a decree and sale of mortgaged estate, especially when great inadequacy of price is attributable to it, will not be ap proved by this court.
title is indefeasi-le ™’tll0ut any . terest) may go into chancery to When a right redemption is levied on and sold under execution, nothing remains tothemortgagor, but his right to redeem the equity; and the purchaser has no ground for a bill, of foreclosure— for the chancellor cannot take away the right of redemption which the statute secures to the mortgagor for a year; and after that- (if there is no redemption) the purchaser’s foreclosure or de cree. The purchaser of the equity (who has no other in-redeem the mortgage by paying the debt, and thus complete his title; but in that proceeding, the mortgagor can be a party only pro forma, to obtain a discovery of the amount of the debt &c. he.is not liable to any snbstantiardecree in favor of either the holder of the equity, or of the debt, nor for costs.
Numerous errors are assigned by Ormsby, of which many relate to the mode of proceeding under the decree nisi. But as most of these objections come too late for any substantial effect, when made in this Court for the first time, we shall pass them by, with the single remark, that they present a case of extreme celerity and expedition, which scarcely comports with the regard paid by the Chancellor to the interest of all parties, and which, if the great inadequacy of price apparent in this case, is to be considered as the consequence of it, cannot be approved.
But there are other objections to the proceedings and decree, which, as we think, are fatal to every part of them. The bill, of which all the allegations are to be taken as true, discloses a case, in which the Chancellor had no jurisdiction to decree against Ormsby—either the payment of money, or the sale of property, or a surrender, or execution of possession, or any other substantial matter.
We see no reason upon the statements and exhibits of the complainant, to doubt the validity of his purchase of Ormsby’s equity of redemption, or the effectual operation of the deed purporting to convey it. This being assumed, it is clear that Ormsby had no farther title or interest in the land, except the statutory right of redeeming his equity of redemption as mortgagor, within a year from the sale—which right could not be taken away by^ the Chancellor, and had in fact expired before the decree was rendered. The complainant, therefore, is to be considered as fully invested with the equity of redemption, and Ormsby as divested of all right, as mortr 7 J 07 *234 gagor, or otherwise, in the land. If the complainant had had no other connection with the mortgage, or the mortgaged debt, but as the purchaser of the equity of redemption, he might have come into Chancery to redeem the land, by paying the debt: and thus to remove the incumbrance of the mortgage from his estate. But even in this proceeding, the debtor would not have been more than a formal party, against whom no substantial decree could have been rendered, either in favor of the holder of the equity of redemption, or of the holder of the debt* If the holder of the equity should redeem, by paying the debt, he would acquire no right of remuneration as against the original mortgagor; nor, if tho land was sold, or the mortgage foreclosed, on prayer of the mortgagee would either party have any right to a decree for money against the debtor. The land sold would not be his; nor the decree for its sale a decree against him. The proceeding and decree on a mortgage, is essentially, as well as formally, a proceeding between the mortgagee and the holder of the equity of redemption; stnd tho debtor, if he is not the holder of the equity, is only a party for the incidental purpose of ascertaining the amount due, and because he is interested in the fair sale of the property. There can be no decree against him.
The assignee of a mortgage debt is invested with the rights of the mortgagee, and if he acquires the equity of redemption also, there is a union of the rights of mortgagor and mortgagee in the same person, and so -no ground for a bill to redeem: the same party, in such a ease, would be, in effect, plt’f and de fondant, and the decree a mere nullity,
Ifthe debt is not, in such case, extinguished, (of which quere) it “ a me„re !®gal right, of which the chancellor h.as n° ilinscllc; proceed in rem ag^^to^haa no longer any in-made subject* to his debt, or foreolose<5‘
*234 It is manifest, therefore, that, in this case, where the complainant is not only the holder of the equity of redemption, but being also the assignee of the debt, is invested, in equity, with the rights of the mortgagee, and stands in his place—the suit as to all its efficient and legitimate objects, whether of redemption or of sale, is a suit between the complainant, as mortgagor or holder of the equity of redemption, on the one side, and the same complainant, as mortgagee and holder of the debt on the other. If he wants to redeem, it is by paying his own debt to himself, if he wants to foreclose, it is by extinguishing an equity of which he is already possessed. If he wants the debt paid, by selling the mortgaged property, he has but to sell that which is his own. The two first objects have already been accomplished by the union of the character and rights of mortgagor and mortgagee in the same person, and the last he can effect *235 at his own pleasure. It is perfectly absurd to suppose that the Chancellor ought to, or that he can, take j urisdiclion of such a case, under color of effecting either of these objects, merely because there has once been a mortgage. The mortgage is in fact foreclosed. There is nothing upon which the Chancellor can act. There is . . . , . no equity to extinguish, lhere is no mortgage interest to redeem. If the debt is not extinguished, (of which we mean to say nothing m this case) it stands like any other legal debt, the existence or amount of which the Chancellor has no right to ascertain, and the collection of which he has no right to enforce, even by selling the debtor’s own land: much less by selling, as his, and in his name, that which clearly appears to belong to the creditor himself in full and unembarrassed right.
A party who, bq ing invested witli the rights of mort gagor and mortgagee, needs not the aid of the chancellor in re. lation to his title, cannot sue in Equity for the mere purpose of being let into pos session. If he is only an assignee of the mortgage debt, if any thing . . . . is it only a formal transfer of the mortgagee’s title, and even that, the court incline to think, is not necesto possession by a proceeding at law. sary.
The chancellor’s control over the possession of real estate—except where he acts in aid of the legal remedy—is but an incident to hi? jurisdiction to establish the right, and where he ha? no jurisdiction for that purpose, he can take none in relation to the possession.
The Chancellor had no jurisdiction over the land, or the debt. The sale of the land as the property of Ormsby, who did not and could not, claim any right in it, was futile; the purchase by the complainant of his own land was vain and nugatory, and to credit the purchase money on the debt, as an extinguishment of so much, and as evidence that the balance remained due and collectible from other sources, would be absurd and unjust; for any other purpose it would be idle. And for the reasons above stated, the Court had no right or power to do any of these acts. The whole proceeding must, in effect, be treated as a nullity.
It is scarcely necessary to add, that the complainant had no right to go into Chancery for the mere purpose of being let into the possession. If his legal remedy for obtaining the possession was not perfect, nothing more, at any rate, was necessary to render it so, but a formal transfer of the mortgagee’s title; and this we are inclined to think was unnecessary. But be this as it may, such a transfer has not been decreed, nor was it even asked for; nor is it admitted, that if such a transfer had been decreed the the Chan *236 cellor could have gone on to decree a surrender of the possession by Ormsby, the debtor. But even conceding this point, it cannot be disputed that, except where the Chancellor acts merely in aid of the legal remedy, his control over the possession, is but a mere incident or consequence of his jurisdiction in establishing the right, and where the right either is not, or cannot be, established by him, the incidental power of decreeing the possession absolutely from one to the other party, does not exist.
We are of opinion, that the proceedings and decree are entirely erroneous, and that as to the prayer of the bill, and especially as to the defendant Ormsby, the Chancellor had no jurisdiction, and could not properly render any decree in favor of the complainant; and there was no color for decreeing costs against the defendant Ormsby.
Wherefore, the decree is reversed, and the cause remanded for such further proceedings aá may be consistent with the principles of this opinion.